### 25697.   MOORE *v.* THE STATE.

BROYLES, C. J.   The defendant was convicted of the offense of making whisky.   His defense was an alibi, and the testimony in support thereof, had the jury believed it, would have authorized his acquittal.   However, by their verdict, under a proper and unexcepted-to charge of the court on the subject of alibi, they evidently rejected that evidence, as, under the facts of the case, they had a right to do.   The evidence connecting the accused with the offense charged was not wholly circumstantial, and was sufficient to authorize the verdict.   The court did not err in overruling the motion for new trial containing the general grounds only.

*Judgment affirmed.   MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 11, 1936.

*Hugh E. Combs,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

### 25706.   HALE *v.* THE STATE.

BROYLES, C. J.   The defendant was convicted of the offense of possessing whisky.   His motion for new trial contained the usual general grounds only; and the evidence, while circumstantial, was sufficient to exclude every *reasonable* hypothesis except that of his guilt.   The cases cited in the brief of counsel for the plaintiff in error are differentiated by their facts from this case.

*Judgment affirmed.   MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 11, 1936.

*Duke Davis,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.